UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ISREAL BOTELLO,<br><br>    Plaintiff,<br><br>v.<br><br>TENNESSEE DEPARTMENT OF CORRECTION, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00549<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable William L. Campbell, Jr., District Judge

## **REPORT AND RECOMMENDATION**

This civil rights action brought under 42 U.S.C. § 1983 stems from pro se and *in forma pauperis* Plaintiff Isreal Botello's incarceration at the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 20.) The only remaining claims allege use of excessive force under the Eighth Amendment against two John Doe TTCC employees. (Doc. Nos. 1, 4, 5, 20.) It has been almost two years since Botello initiated this action and, despite Court-supervised early discovery to ascertain the identities of the Doe defendants, they remain unidentified and therefore unserved.

On November 12, 2019, the Court ordered Botello to show cause by December 3, 2019, why this action should not be dismissed without prejudice for failure to effect service of process on the defendants within the timeframe set out by Federal Rule of Civil Procedure 4(m). (Doc. No. 32.) Botello did not respond. Accordingly, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

**I.      Factual and Procedural Background**

In his original complaint, filed pro se on June 13, 2018, Botello alleged that, during his incarceration at the TTCC, he was assaulted by Defendant John Doe Lieutenant while Defendant John Doe STG Coordinator stood by and watched. (Doc. No. 1.) The Court granted Botello's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that Botello had stated colorable claims against the Doe defendants under 42 U.S.C. § 1983 for use of excessive force in violation of the Eighth Amendment. (Doc. Nos. 4, 5.) The Court directed the Magistrate Judge to "provide for early, limited discovery to be served by [Botello] to ascertain the identity of the [Does] and . . . [to] set a deadline for [Botello] to amend his complaint to identify" the Does and serve them with process. (Doc. No. 5, PageID# 77.)

On October 4, 2018, the Court directed the Clerk's Office to send Botello a blank subpoena to produce documents and ordered Botello to return a completed subpoena, addressed to TTCC Warden Rusty Washburn, by November 1, 2018. (Doc. No. 11.) The Court instructed Botello to "state with as much precision as possible what documents he needs from TTCC to identify [the Does]." (*Id.* at PageID# 101.) Botello complied with that order, and the subpoena was executed on November 2, 2018. (Doc. Nos. 12, 13.) On January 10, 2019, the Court found that Botello had not filed anything since the subpoena was executed and ordered Botello to file an amended complaint identifying the Does by February 1, 2019. (Doc. No. 14.) Botello did not, and the Court ordered him to show cause why this action should not be dismissed for failure to prosecute. (Doc. No. 15.)

Botello responded to the show-cause order with a motion to amend his complaint in which he stated that he missed the Court's deadline due to several extended lockdowns at the South Central Correctional Facility, where he was then incarcerated, and that he had discovered that "Lieutenant Echols was the John Doe individual named in his complaint" despite the TTCC's

2

failure to identify the Does in response to the subpoena. (Doc. No. 16, PageID# 113.) The Court found that Botello adequately responded to the show-cause order and ordered Botello to file a motion to amend and a proposed amended complaint that included his allegations against Echols by March 18, 2019. (Doc. No. 17.)

Botello filed a motion to amend his complaint (Doc. No. 18), which the Court granted in part, directing the Clerk's Office to docket that motion as the first amended complaint (Doc. No. 19). The Court ordered Botello to complete and return a service packet for Echols by May 16, 2019, and ordered him to show cause why his claim against John Doe STG Coordinator should not be dismissed for failure to effect service of process under Federal Rule of Civil Procedure 4(m). (Doc. No. 19.) The Court found that Botello had failed to identify John Doe STG Coordinator "despite . . . authorization of a subpoena addressed to Washburn for the purpose of uncovering the identities of the Doe defendants and two extensions of the deadline to file a motion to amend." (*Id.* at PageID# 133.) Botello responded that CoreCivic—which contracts with the Tennessee Department of Corrections to run the TTCC—"knowingly withheld . . . information . . . pertaining to the John Doe Defendants" in responding to the subpoena and that his failure to identify John Doe STG Coordinator was not due to his negligence. (Doc. No. 21, PageID# 139.) Botello asked the Court for an order requiring "the disclosure of the identity or identities of John Doe STG Coordinator[.]" (*Id.* at PageID# 140.)

The Court found Botello's response to the show-cause order adequate and stated that he could attempt to identify John Doe STG Coordinator through discovery requests addressed to Echols after Botello served Echols and he became a party to the lawsuit. (Doc. No. 23.) The Court found that Botello had failed to complete a service packet for Echols by the May 16, 2019 deadline, which the Court extended to July 31, 2019. (*Id.*) Botello completed the service packet for Echols

and a summons issued. (Doc. No. 24.) That summons was returned unexecuted on August 2, 2019, with the notation that Echols was "no longer employed at TTCC." (Doc. No. 25, PageID# 156.) The Court then ordered TTCC Warden Washburn or another authorized representative of TTCC to file a notice under seal providing the last known address of Echols. (Doc. No. 26.) In response, CoreCivic filed a notice stating that a search of its human resources database showed that "no officer with the last name of Echols . . . was employed or assigned to TTCC at any time[,]" and that the notation accompanying the unexecuted summons for Echols "should have been marked that 'no one is employed at TTCC with that name.'" (Doc. No. 30, PageID# 168.)

On November 12, 2019, the Court found that Botello had not responded to CoreCivic's notice. (Doc. No. 32.) The Court warned that, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (*Id.* at PageID# 173 (alteration in original) (quoting Fed. R. Civ. P. 4(m)).) The Court ordered Botello to show cause by December 3, 2019, why this action should not be dismissed without prejudice under Rule 4(m) for failure to effect service of process on the defendants. (Doc. No. 32.) Botello did not respond to that order.

## II.     Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*,

681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Rule 4(m) applies equally to . . . pseudonymous defendants." *Searcy v. Cty. of Oakland*, 735 F. Supp. 2d 759, 771 (E.D. Mich. 2010); *see also Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unserved Doe defendants under Rule 4(m)), *abrogated on other grounds by Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own

initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.    Analysis**

Despite issuance of a subpoena to conduct early discovery, several extensions of the service deadline, and the passage of over twenty months, this action is effectively exactly where it started with two unidentified and unserved defendants. Botello has been given the opportunity to show good cause to further extend the service deadline, but has not done so. Courts considering whether to exercise discretion to permit untimely service in the absence of a showing of good cause may consider a number of factors, including whether:

> (1) a significant extension of time [is] required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant ha[s] actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff ha[s] made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

No further extension of the service deadline is warranted here. Botello's claims would likely be time-barred if he were to raise them in a new action.[1] While that fact might counsel in favor of an extension, *cf. Overbay v. Israel*, No. 2:16-CV-00337, 2017 WL 1377374, at *5 (E.D. Tenn. Mar. 24, 2017) (finding that lack of prejudice to plaintiff if he were to refile his claims

---

[1] Section 1983 claims are governed by the state-law statute of limitations for personal-injury torts. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, actions for "injuries to the person" and for "compensatory or punitive damages, or both, brought under the federal civil rights statutes" must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A)–(B); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Botello's § 1983 claims against the Doe defendants stem from events that took place in January 2017, well over three years ago.

weighed against further extending the Rule 4(m) deadline), *report and recommendation adopted by* 2017 WL 1373885 (E.D. Tenn. Apr. 13, 2017), it is outweighed by the other relevant considerations. This lawsuit was filed almost two years ago and any further extension of the service period would be "significant." *Slenzka*, 204 F.R.D. at 326. It is impossible to determine whether either of the Doe defendants received "actual notice" of this suit without first knowing their identities. *Id.* Most importantly, Botello failed to respond to the Court's November 12, 2019 show-cause order (Doc. No. 32) and has not shown that he has made good-faith efforts to effect service of process. That order warned Botello of the Court's obligation to sua sponte dismiss his claims if he failed to effect timely service. (*Id.*) It would be inappropriate for the Court to grant Botello additional time to effect proper service in the absence of any indication from him that he wants that result. Dismissal is therefore warranted under Rule 4(m). *See* Fed. R. Civ. P. 4(m).

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m) for failure to timely effect service of process.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of April, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge